# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD P. KOSKI,

Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellant.

UNPUBLISHED
February 14, 2017

No. 328233
Baraga Circuit Court
LC No. 2013-006421-NF

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff sustained serious injuries when he was hit by a motor vehicle while operating his motorcycle, and Marquette General Hospital (the hospital), amongst others, provided plaintiff with medical treatment and services. Blue Cross & Blue Shield of Michigan (BCBSM) was plaintiff's health insurer, and BCBSM paid the hospital and other providers for the care that was rendered to plaintiff. Pursuant to practitioner participation agreements with BCBSM, the hospital and other medical providers accepted reduced payments from BCBSM in full satisfaction for medical bills arising out of plaintiff's care. The difference between the billed medical expenses and the amounts accepted by the hospital and other medical providers as payment in full has been described as the "BCBSM differential," which totaled $142,561. Defendant Auto Club Insurance Association (ACIA), as the no-fault insurer of the motor vehicle involved in the accident, was responsible for the payment of personal protection insurance benefits, commonly referred to as PIP benefits, and there is no dispute that ACIA was first in priority with respect to the payment of plaintiff's medical bills. Accordingly, ACIA fully reimbursed BCBSM for the payments made by BCBSM. Plaintiff, however, claimed that he remained entitled to payment of the BCBSM differential by ACIA, as the BCBSM differential reflected "incurred" expenses for purposes of MCL 500.3107(1)(a). The trial court agreed with plaintiff and entered a judgment awarding plaintiff, in part, the BCBSM differential, as well as penalty interest, MCL 500.3142, a portion of which pertained to the BCBSM differential. ACIA appeals as of right, and we reverse and remand for entry of judgment in favor of ACIA in regard to the BCBSM differential and the penalty interest associated with the differential.

This Court reviews de novo a trial court's decision on a motion for summary disposition, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), as well as questions of law in general, including issues of statutory interpretation, *Oakland Co Bd of Co Rd Comm'rs v Mich Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751

(1998). We conclude, quite simply, that *Bombalski v Auto Club Ins Ass'n*, 247 Mich App 536; 637 NW2d 251 (2001), and *Williams v AAA Mich*, 250 Mich App 249; 646 NW2d 476 (2002), dictate reversal of the trial court's ruling, absent the need for any further analysis.

Under MCL 500.3107(1)(a), PIP benefits are generally payable for "[a]llowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." (Emphasis added.) In *Williams*, the plaintiff, who was injured in a motor vehicle accident, incurred expenses for medical services and treatment provided by Mary Free Bed Hospital (MFBH). At the time of the accident, the plaintiff had a no-fault insurance policy with the defendant insurer. The plaintiff's health insurer was BCBSM. *Williams*, 250 Mich App at 253-254. This Court observed that "BCBSM [had] apparently paid many of plaintiff's medical bills despite that its policy with plaintiff provided that his no-fault carrier had primary responsibility for automobile-related injuries." *Id.* at 254 n 1. MFBH charged $163,266 for its services, but accepted $84,099 from BCBSM as payment in full. *Id.* at 255. The "plaintiff argued that his policy with defendant [no-fault insurer] required that defendant pay him uncoordinated medical benefits, specifically the full amounts charged for services by MFBH, . . . not the lesser amounts that BCBSM negotiated as payments in full . . . ." *Id.* at 254-255. The "defendant acknowledged plaintiff's entitlement to its payment of uncoordinated medical expenses, but asserted that its payment obligation was limited to the amounts that BCBSM had paid in satisfaction of plaintiff's health providers' charges." *Id.* at 255.

The *Williams* panel stated that "[i]n *Bombalski* . . ., this Court recently decided the exact issue that plaintiff raises." *Williams*, 250 Mich App at 268. The Court in *Williams* declared that *Bombalski* "held that under MCL 500.3107(1)(a) the plaintiff could recover no-fault benefits only to the extent that he had *incurred* charges for reasonably necessary services." *Williams*, 250 Mich App at 268. After quoting a passage from *Bombalski*, the *Williams* panel held:

> In this case, plaintiff seems to acknowledge that he owes no outstanding amounts to MFBH for the services it provided and that, pursuant to its contractual agreement with BCBSM, MFBH accepted the reimbursement amounts that BCBSM offered as payment in full for the services that MFBH provided. *Consequently, plaintiff did not incur the full amounts billed by MFBH and is not entitled to a further recovery from defendant of the difference between the full amounts that MFBH billed for its services and the lesser amounts that MFBH accepted from BCBSM as payment in full.* We conclude that the trial court properly calculated the amount of uncoordinated no-fault benefits to which plaintiff was entitled. [*Id.* at 269 (citation omitted; emphasis added).]

This analysis and reasoning controls in the instant case, entirely undermining plaintiff's argument, which mimics the rejected argument made by the plaintiff in *Williams*. Plaintiff has simply not "incurred" charges relative to the BCBSM differential. The hospital, via an affidavit from its chief financial officer, indicated that there would be no attempts to collect the BCBSM differential from plaintiff or ACIA, and there is no indication in the record that any other medical provider has sought recovery of the BCBSM differential. Moreover, plaintiff does not even argue that such a recovery can be, has been, or might be sought by a medical provider. Instead, plaintiff proceeds on the basis that the BCBSM differential reflected incurred expenses

regardless of the fact that recovery of the differential has not been requested or pursued by the medical providers. Plaintiff attempts to avoid the impact of *Bombalski* and *Williams* by arguing that BCBSM paid the medical providers in error or by mistake, as ACIA was solely obligated to cover the medical expenses. According to plaintiff's theory, absent BCBSM's involvement, ACIA would have been responsible for the entire amount billed by the providers; therefore, ACIA should be made to pay plaintiff the BCBSM differential.[1] We must take the facts as they actually transpired, and the bottom line is that BCBSM did make the payments and the medical providers have declined to pursue recovery of the BCBSM differential from plaintiff or ACIA. Accordingly, plaintiff has not "incurred" charges related to the differential for purposes of MCL 500.3107(1)(a). Plaintiff's arguments to the contrary are simply unavailing.

Reversed and remanded for entry of judgment in favor of ACIA with respect to the BCBSM differential and the penalty interest associated with the differential. We do not retain jurisdiction. Having fully prevailed on appeal, ACIA is awarded taxable costs under MCR 7.219.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[1] Plaintiff also suggests that *Bombalski* was wrongly decided; however, we are bound by *Bombalski*, as well as *Williams*. MCR 7.215(J)(1).